UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              CRIM. CASE NO. 13-20764

   Plaintiff,

v.               PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

D-11 VINCENTE PHILLIPS

   Defendant(s).
_____/


**ORDER DENYING DEFENDANT VINCENTE PHILLIPS' MOTION TO
TO SUPPRESS STATEMENTS FOR VIOLATIONS OF FED. R. CRIM. P. 16 AND
THIS COURT'S ADMINISTRATIVE ORDER GOVERNING DISCOVERY**

   On October 4, 2014, Defendant Vincente Phillips filed a Motion to Suppress Statements he made to FBI Agents after his arrest on February 10, 2014. The statements were memorialized by FBI Special Agent Remner in a five page FD-302 on February 21, 2014. But, they were not provided by the Government to defense counsel until August 22, 2014, six months following the arrest, but still six months before his trial.

   Clearly, this delay violated this Court's Standing Order for Discovery and Inspection, Adm. Order #03-AO-027, and Fed. R. Crim. P. 16(a)(1). The issue to be dealt with is whether the Court should impose sanctions, and if yes, what sanctions. Defendant asks this Court to suppress the statements.

   In *United States v. Maples*, (60 F.3d 244, 1995 Fed. Appx. 0225P), United States District Judge Horace Gilmore, writing for the U.S. Court of Appeals for the Sixth Circuit stated that a

district court should not impose the most severe sanction, suppression, when the defendant was not prejudiced, and the government had not deliberately failed to disclose the materials – at most there was negligence on the part of the government. *Maples* at 247.

Applying the several factors that the Sixth Circuit held should be considered, the Court concludes that, (1) there is no evidence that the Government's delay was intentional or in bad faith in this complex case involving voluminous discovery and 14 defendants, and (2) there is no prejudice to the Defendant who has six months from the document turnover until the trial.

This Court will follow the reasoning in *Maples*, and conclude that there is no basis for sanction in this case against the Government's at-most negligent conduct. At the same time, the Court informs the Government that it must fully reexamine its files for discovery material to be provided to defendant, to avoid any similar situations and sanctions.

Accordingly, the Court DENIES Defendant's Motion to Suppress Statements.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  October 23, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2014.

s/Deborah Tofil  
Case Manager